```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Michael Taylor,

                    Petitioner,    CV-05-1322; CR-02-0097;
                                   CR-93-0671
       - against -                 (CPS)

United States of America,          MEMORANDUM    OPINION
                                   AND
                    Respondent.    ORDER

------------------------------------X
```

SIFTON, Senior Judge.

In 1994, defendant Michael Taylor was convicted of making false statements in violation of 18 U.S.C. §1001. Thereafter, in March 2002 he pled guilty to filing a fraudulent tax return in violation of 18 U.S.C. §287. He is awaiting sentencing in that case. Now before this Court is defendant's petition to vacate, set aside, or correct the 1994 sentence pursuant to 28 U.S.C. §2255.

                            BACKGROUND

The following facts are taken from the submissions of the parties in connection with this motion and are undisputed.

In 1994 Michael Taylor was convicted on a plea of guilty to making false statements in violation of 18 U.S.C. §1001, as a result of his submission of a false income tax return claiming a refund. On March 2, 1994 he was sentenced to a term of

incarceration of 21 months, a three-year supervised release term and a $50 special assessment. He was released from custody on January 1, 1995 and completed and was discharged from supervised release on January 3, 1998.

Thereafter, on March 14, 2002 Taylor pled guilty to a one-count indictment charging him with filing a fraudulent tax return for tax year 1998 which claimed a refund for $6,884, in violation of 18 U.S.C. §287. He is currently awaiting sentencing in that matter.

On March 4, 2005, defendant filed a motion to set aside his 1994 conviction. After the government filed its response but before the matter was heard in this Court, defendant filed a "Notice of Motion to Amend the Pleading Fed. R. Civ. P. 15(a)." On March 7, 2006 the parties appeared before the undersigned. At that time the government had not responded to defendant's motion to amend. Accordingly, I instructed the government to respond. They have now done so.

## DISCUSSION

Defendant's original motion attacks his 1994 conviction on three grounds: (1) that the Court in sentencing him found by the preponderance of the evidence that Taylor was guilty of an offense not charged in the indictment, (2) that the Court

upwardly departed on the basis of facts found only by a preponderance of the evidence and not proven to a jury, (3) the imposition of his supervised release meant that the United States received "more than it bargained for."

The defendant styles his motion one to set aside his sentence pursuant to 28 U.S.C. §2255. However, because Taylor has finished serving his sentence and his supervised release term, he is no longer "in custody." Accordingly, he may not bring his petition under Section 2255. 28 U.S.C. §2255; *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994)(petitioner no longer "in custody" where he had finished supervised release term as of the filing of the petition; accordingly, court lacked jurisdiction to consider claim). Moreover, even if defendant were in custody, he still could not resort to Section 2255 because his submission is well beyond the one-year limitations period from the finality of his conviction. 28 U.S.C. §2255. Thus, defendant's complaint should instead be construed as a petition for writ of error coram nobis.

The standards for coram nobis relief have been set forth by the Court of Appeals as follows:

> Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which " 'errors . . . of the most fundamental character' " have rendered " 'the proceeding itself irregular and invalid.' " *United States v. Carter,* 437

> F.2d 444, 445 (5th Cir.) (per curiam) (quoting *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed. 129 (1914)), *cert. denied,* 403 U.S. 920, 91 S.Ct. 2238, 29 L.Ed.2d 698 (1971). A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." *Nicks v. United States,* 955 F.2d 161, 167 (2d Cir.1992). The proceedings leading to the petitioner's conviction are presumed to be *79 correct, and "the burden rests on the accused to show otherwise." *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954); *Nicks,* 955 F.2d at 167. A petitioner seeking such relief must demonstrate that 1) there are " 'circumstances compelling such action to achieve justice,' " *id.* at 167 (quoting *Morgan,* 346 U.S. at 511, 74 S.Ct. at 252-53), 2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," *Morgan,* 346 U.S. at 512, 74 S.Ct. at 253, and 3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ," *Nicks,* 955 F.2d at 167.

*Foont v. U.S.*, 93 F.3d 76, 78-79 (2d Cir. 1996).

According to the Pre-Sentence Report in his current criminal case, the challenged conviction would raise defendant's criminal history category by three points, from Category III, to Category IV. This circumstance fulfills the third condition, that of a continuing legal consequence. *Nicks*, 995 F.2d at 167 (holding that where the challenged conviction may be or was considered at a sentencing factor in a later case, the challenged conviction carries continuing legal consequence").

However, defendant cannot meet the first two conditions. First, he cannot show that there are "circumstances compelling

such action to achieve justice," basically because his claims are without merit. His first two claims, (1) that the Court in sentencing him determined by the preponderance of the evidence that Taylor was guilty of an offense not charged in the indictment, and (2) that the Court upwardly departed on the basis of facts found only by a preponderance of the evidence and not proven to a jury appear to rely on *United States v. Booker*, 543 U.S. 220 (2005). However, this Circuit has held that *Booker* does not apply retroactively to 2255 claims. *see Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005). Since retroactivity principles applicable in the Section 2255 context are applicable in the coram nobis context, *U.S. v. Mancini*, 205 F.3d 519, 527 (2d Cir. 2000), *Booker* may not be applied retroactively to challenge a sentence on a coram nobis petition. Taylor's third claim reads as follows: "at sentencing, movant was given three years of probation to be served after completion of his prison sentence. Since movant did not receive a suspended sentence, coupled by the fact that movant was subject to an additional period of incarceration, the United States [got] more than it bargained for." Def. Br. 5. Defendants are often sentenced to both a period of incarceration and a period of supervision by the probation officer. This, in and of itself, is not a cognizable claim. Although he alleges that the government received "more

than it bargained for" he does not allege the breach, or indeed, even existence, of any agreement between him and the government as to his sentence. Finally, even assuming Taylor received a higher sentence than that expected by the United States Attorney's Office, that would not give rise to a cognizable claim.

Second, even assuming that the defendant could show a meritorious defense or some other circumstances demanding relief, he cannot show an excuse for his failure to raise these claims until now. To the extent defendant's claims are based on *Booker*, his failure to object is not excused by the fact that *Booker* had not yet been decided when he was sentenced. As the Supreme Court has held, "the futility of presenting an objection . . . cannot alone constitute cause for failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Bousley v. US*, 523 U.S 613, 623 (§2255 petitioner failed to show cause for failing to raise claim based upon *Bailey v. US*, 516 U.S. 137 (1995), on direct appeal, even though existing precedent would not have supported the claim); *see McCoy v. US*, 266 F.3d 1245, 1258-59 (11th Cir. 2001)(applying *Bousley* to an *Apprendi* claim, finding it defaulted); *US v. Sanders*, 247 F.3d 139, 145-46(4th Cir. 2001)(same); *U.S. v. Smith*, 241 F.3d 546 (7th Cir. 2001)(same).

Recognizing that *Booker* is not retroactive, on February 2, 2006 defendant brought a "motion to amend" his previous motion in order to argue ineffective assistance of counsel. In the amended motion he argues that his counsel was ineffective in three respects: (1) during his appearances before the magistrate judge, prior to the filing of the information, he was not advised of the nature of the charges against him or of his right to a preliminary hearing, a failure that counsel should have addressed; (2) the court failed to formally arraign Taylor between his waiver of indictment and the immediately-following guilty plea, also a failure counsel should have addressed; and (3) he was sentenced on the "additional offenses" in the "amended information."[1]

Although defendant continues to style his motion one for relief pursuant to 2255, it is, as discussed above, properly brought as a writ of error coram nobis. A petitioner seeking such relief must demonstrate that (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier

---

[1] Defendant argues that he was sentenced to offenses not listed in the original information. Thus, he styles these as "additional charges" listed in an "amended information." As evidenced by the arguments in defendant's brief, this is simply a rephrasing of defendant's objection to the imposition of sentencing enhancements found by the Court (as opposed to a jury). Def. Br. 8-10.

relief; and (3) the petitioner continues to suffer legal consequences from his conviction t may be remedied by granting of the writ. As discussed above, defendant has satisfied the third requirement.

Defendant contends that the circumstance compelling his requested relief is his ineffective representation by counsel. In order to show ineffective assistance of counsel the defendant must show that the counsel's representation "fell below an objective standard of reasonableness" judged by "prevailing professional norms" and that "there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 688, 694 (1984).

Defendant argues that due to the ineffective assistance of his counsel he was twice deprived of the opportunity to assert a defense. First, he argues that counsel's failure to object when defendant was not informed of his right to a preliminary hearing deprived the defendant of his pre-trial opportunity to present a defense. Second, defendant argues that defense counsel failed to demand a formal arraignment for the defendant and accordingly denied him the opportunity to present defenses. Defendant argues that he was irreparably harmed by this deprivation because defenses which could be made at arraignment "may be irretrievably

lost, if not then and there asserted." Def. Br. at 7 (citing *Hamilton v. Alabama*, 368 U.S. 52, 53-54 (1961). However, defendant has not specified what defenses he would have asserted, nor shown that any available defense would have been meritorious. Any prejudice created by defendant's failure to assert a defense is rendered moot by his choice to plead guilty. Thus, defendant has not shown that but for counsel's errors the result of the proceeding would have been different. Moreover, because, as the Supreme Court has noted, a defense counsel may choose to waive arraignment for strategic purposes, *U.S. v. Henry*, 447 U.S. 264, 292 (1980), the choice to do so does not fall below an objective standard of reasonableness judged by prevailing professional norms.

Defendant also contends that his counsel was ineffective because he failed to object to the imposition of sentencing enhancements found by the Court. However, at the time of Taylor's sentencing it was established law that enhancements could be imposed based on judge-made factual findings. *See, e.g., United States v. Concepcion*, 983 F.2d 369, 387 (2d Cir. 1992); *United States v. Thomas*, 204 F.3d 381, 383 (2d Cir. 2000). Because an attorney is not required to "forecast changes or advances in the law," *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1994), defense counsel's failure to object to the Court's finding of

sentencing enhancements was not unreasonable. Nor can Taylor demonstrate that he was prejudiced by his attorney's failure to object. Given the prevailing state of the law at the time of Taylor's sentencing any such motion by defense counsel would have been denied.

Finally in regard to all of Taylor's allegations concerning ineffective assistance of counsel, Taylor has not shown any excuse for his failure to raise these grounds before. Having been present at the pre-trial proceedings and his own sentencing, Taylor was aware of the occurrences he now complains of, when they occurred in 1993 and 1994.

## CONCLUSION

For the reasons set forth above, defendant's motion to vacate, set aside or correct the sentence in his 1994 criminal conviction is denied.

The Clerk is directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated:   Brooklyn, New York

         January 9, 2007



                By: <u>/s/ Charles P. Sifton (electronically signed)</u>

                    United States District Judge